UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANA LESIC and NIKICA LESIC,<br><br>                    Petitioners,<br><br>v.<br><br>CHRISTOPHER J. LAROSE, Senior Warden, Otay Mesa Detention Center; JOSEPH FREDEN, Acting Field Office Director, U.S. Immigration & Customs Enforcement; TODD LYONS, Acting Director, U.S. ICE; KRISTI NOEM, U.S. Secretary of Homeland Security; PAMELA BONDI, U.S. Attorney General,<br><br>                    Respondents. | Case No.: 25cv2746-LL-BJW<br><br>**ORDER SCREENING HABEAS PETITION AND SETTING BRIEFING SCHEDULE**<br><br>[ECF No. 1] |

    Petitioners Ana Lesic and Nikica Lesic seek a writ of habeas corpus under 28 U.S.C. § 2241 challenging their immigration detention. *See* ECF No. 1. Courts must screen habeas petitions and dismiss them "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *See* Rules Governing Section 2254 Cases in the United States District Courts, Rule 4; *id*., Rule 1(b) (permitting use of Rules Governing Section 2254 Cases to any "habeas corpus petition"). To survive screening, a petitioner need only make out a claim that is sufficiently "cognizable" to warrant a return or answer

from the government. *See Neiss v. Bludworth*, 114 F.4th 1038, 1045 (9th Cir. 2024). Indeed, "as long as a petition has any potential merit, it is not so frivolous or incredible as to justify summary dismissal under Rule 4." *Id*.

According to their petition, Mr. and Mrs. Lesic are citizens of Croatia. ECF No. 1. Mr. Lesic, "a concert pianist," arrived in the United States in 2003 on an O-1 visa to teach piano. *Id*. at 7–8. Mrs. Lesic arrived a few months later on a B-2 visa, later changed to a O-2 visa. *Id*. Mrs. Lesic then applied for asylum in 2009, with Mr. Lesic as her derivative applicant. *Id*. at 2. An immigration judge denied the asylum claim on December 8, 2022, and ordered Mrs. Lesic "removed" from the United States while Mr. Lesic was granted "voluntary departure." *Id*. Mr. and Mrs. Lesic appealed that decision, which has been pending before the Board of Immigration Appeal since December 19, 2022. *Id*. Due to that appeal, the order of removal against Mrs. Lesic has been stayed and will not become final unless the BIA affirms the IJ's decision. *Id*. at 2–3. Mr. Lesic's voluntary departure has been stayed for the same reason. *Id*. At the discretion of the IJ and DHS, Mr. and Mrs. Lesic paid $500 and $10,000 to be released on bond respectively, with Mrs. Lesic wearing a GPS device as well. *Id*. Neither petitioner has violated the conditions of their release. *Id*. at 8. On October 6, 2025, during one of Mrs. Lesic's regular check-ins with ICE in San Diego, ICE detained them both, as Mr. Lesic accompanied his wife to her check-in. *Id*. When asked why they were being detained despite the ongoing BIA appeal, previous bonds, and their compliance, an ICE officer responded that the "new administration" had ordered everyone to be detained. *Id*. at 10. Petitioners allege that no material change in facts or circumstances has occurred since their bonds were granted and therefore seek an expedited review of their writ to be released from immigration detention until the BIA completes it appellate review. *Id*. at 3.

At this stage, the Court finds that Petitioners have sufficiently alleged that the government will be unable to remove them for the "reasonably foreseeable future." *See* 8 C.F.R. § 241.13(i)(2). They therefore state a claim that is cognizable enough to warrant the government's answer. *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001)

(holding that any interpretation of the relevant detention statute—8 U.S.C. § 1231—that would permit "indefinite detention of an alien would raise a serious constitutional problem").

Accordingly, by **October 23, 2025**, Respondents must file their return or answer to the habeas petition and show cause for why it should not be granted. Any injunction-related opposition is due then, too. By **October 28, 2025**, Petitioners must file any reply to the government's return or answer to the habeas petition along with any injunction-related reply. The Court will then determine whether to hold a hearing. The Clerk shall transmit a copy of this Order and the Petition to the U.S. Attorney's Office for the Southern District of California.

**IT IS SO ORDERED.**

Dated: October 17, 2025

_____
Honorable Linda Lopez
United States District Judge