UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANA LESIC and NIKICA LESIC,<br><br>          Petitioners,<br><br>v.<br><br>CHRISTOPHER J. LAROSE, Senior Warden of Otay Mesa Detention Center; JOSEPH FREDEN, Acting Field Office Director of Immigration and Customs Enforcement; TODD LYONS, Acting Director of ICE; KRISTI NOEM, Secretary of Department of Homeland Security; PAMELA BONDI, Attorney General,<br><br>          Respondents. | Case No.:  25cv2746-LL-BJW<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241**<br><br>[ECF No. 1] |

    Pending before the Court is Petitioners Ana Lesic and Nikica Lesic's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. ECF No. 1. The matter is fully briefed, and the Court deems it suitable for determination on the papers and without oral argument pursuant to Civil Local Rule 7.1. For the reasons below, the Court **GRANTS** the Petition for Writ of Habeas Corpus, **DENIES AS MOOT** the Motion for Temporary Restraining Order, and **ORDERS** Petitioners' immediate release from custody.

## I. BACKGROUND

Petitioners are citizens of Croatia. ECF No. 1 ("Pet.") ¶¶ 9–10. Mr. Lesic, a concert pianist, arrived in the United States in the early 2000s on an O-1 visa to teach piano. *Id*. ¶¶ 19–21. Mrs. Lesic arrived shortly thereafter on a B-2 visa, later changed to an O-2 visa. *Id*. They eventually applied for asylum, but an immigration judge denied it. *Id*. ¶ 2. Since they had overstayed their visas, the IJ also ordered Mrs. Lesic "removed" from the United States while Mr. Lesic was granted "voluntary departure." *Id*. They appealed that ruling, which has been pending before the Board of Immigration Appeal since December 2022. *Id*. Given the appeal, the removal order against Mrs. Lesic has been stayed and will not become final unless the BIA affirms the IJ's decision. *Id*. Mr. Lesic's voluntary departure was stayed as well. *Id*. In the meantime, the IJ allowed Mr. and Mrs. Lesic to pay $500 and $10,000 to be released on bond, respectively, with Mrs. Lesic having to wear a GPS device to boot. *Id*. ¶¶ 3–5. Neither has violated their conditions of release. *Id*. ¶¶ 4, 20.

Still, on October 6, 2025, ICE detained Petitioners at one of Mrs. Lesic's check-ins. *Id*. ¶ 27. When their counsel asked why her clients were being detained despite the ongoing BIA appeal, bonds, and full compliance, an ICE officer allegedly responded that the "new administration" had "ordered everyone to be detained," carte blanche. *Id*. ¶ 28. Therefore, on October 15, 2025, Petitioners sought their release though a writ of habeas corpus, arguing that their bond revocations and ongoing detentions violate their due process rights under the Fifth Amendment and the Administrative Procedure Act. *Id*. ¶¶ 44–65. Finding the due process claim to be dispositive, the Court declines to rule on the APA claim.

## II. DISCUSSION

### A. Jurisdiction

Courts have long had jurisdiction to issue writs of habeas corpus to petitioners held in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C § 2241(c)(3). In doing so, we carry out the "historic purpose of the writ," namely "to relieve detention by executive authorities without judicial trial." *Zadvydas v. Davis*, 533 U.S. 678, 699 (2001). Had Petitioners sought to challenge the Government's decision

to execute their removal orders, it would bar this Court's review. *See Arce v. United States*, 899 F.3d 796, 800 (9th Cir. 2018) (applying 8 U.S.C. § 1252(g)'s "jurisdiction-stripping power to actions challenging the Attorney General's discretionary decisions to initiate proceedings, adjudicate cases, and execute removal orders"). But Petitioners only contest their detentions resulting from violations of the Government's mandatory duties under certain statutes, regulations, and the Constitution, so the Court has jurisdiction to determine the lawfulness of their detention. *See Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 591 U.S. 1, 19 (2020) (rejecting the government's "implausible" suggestion that § 1252(g) covers all claims arising from deportation proceedings); *Hernandez v. Sessions*, 872 F.3d 976, 981 (9th Cir. 2017) ("[T]he government's discretion to incarcerate non-citizens is always constrained by the requirements of due process.").

### B. Due Process

The Fifth Amendment's "Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 693. To prevail on a "procedural due process claim," one must establish "(1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Miranda v. City of Casa Grande*, 15 F.4th 1219, 1224 (9th Cir. 2021).

First, the Government has plainly deprived Mr. and Mrs. Lesic of a constitutionally protected liberty interest when it cancelled their bonds and detained them. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690; *see Ortega v. Bonnar*, 415 F. Supp. 3d 963, 966 (N.D. Cal. 2019) (recognizing that one "has a liberty interest in remaining on bond").

Second, the Government has also deprived Petitioners of that liberty interest without adequate procedural protections. The Government suggests that it may cancel an alien's bond or parole "at any time." *See* 8 U.S.C. § 1226(b); 8 C.F.R. 242.2(c). However, the BIA has held that "a change of circumstance" is needed to "change" an IJ's "previous bond

1  determination." *Matter of Sugay*, 17 I. & N. Dec. 637, 640 (BIA 1981). In practice, then,
2  "DHS re-arrests individuals only after a 'material' change in circumstances." *Ortega*, 415
3  F. Supp. 3d at 968; *see Sanchez v. LaRose*, No. 25-cv-2396-JES-MMP, 2025 WL 2770629,
4  at *3 (S.D. Cal. Sept. 26, 2025) ("To satisfy due process, those changed circumstances
5  must represent individualized legal justification for detention.").

6      Here, there was no material or individualized change in circumstance for Petitioners.
7  The Government acknowledges that, after denying their asylum claim in December 2022,
8  an IJ permitted Mr. Lesic to pay a $500 voluntary departure bond and for Mrs. Lesic to
9  proceed with her $10,000 removal bond. *See* ECF No. 6-4 ("Barroga Decl.") ¶¶ 8–12. It
10 also acknowledges that Petitioners timely appealed the asylum ruling to the BIA, which
11 remains pending. *Id*. ¶ 13. Even if the BIA affirms, Petitioners "will have the opportunity
12 to seek review in the Ninth Circuit," which "may take up to two years or longer." *Banda v.*
13 *McAleenan*, 385 F. Supp. 3d 1099, 1119 (W.D. Wash. 2019). More importantly, though,
14 the Government does not offer a material or individualized reason for cancelling the bonds
15 without an IJ's reconsideration. For instance, it does not argue that Petitioners have missed
16 court hearings, committed crimes, or otherwise violated their conditions of release. Instead,
17 all it musters to cite is the new administration's directive that DHS "take all *appropriate*
18 actions to detain, to the fullest extent *permitted by law*, aliens apprehended for violations
19 of immigration law until their successful removal from the United States." *See* ECF No. 6
20 ("Opp.") at 12–13 (citing Exec. Order No. 14165, 90 Fed. Reg. 8467 (Jan. 20, 2025))
21 (emphases added). But even this broadly-worded order limits DHS to taking actions that
22 are "appropriate" and "permitted by law." And the law here is clear: once an IJ grants a
23 petitioner's bond for release, it is a constitutionally protected liberty interest, which DHS
24 cannot unilaterally cancel absent a material, individualized change in circumstance.

25     Because the Court finds no such change, it concludes that the Government has
26 violated Petitioners' due process rights under the Fifth Amendment when it cancelled their
27 bonds and detained them. Issuing a writ to reinstate those bonds for release is warranted.
28 *See Sanchez*, 2025 WL 2770629, at *4 (granting habeas and releasing the petitioner back

on parole when the facts "underlying" the IJ's decision to grant release had "not changed"); *Ortega*, 415 F. Supp. 3d at 970 (granting habeas because the petitioner had "a substantial private interest in remaining on bond," the "risk of erroneous deprivation [was] high," and "the government's interest in re-arresting [him] without a hearing before an IJ [was] low").

Finally, even if there were enough of a change in circumstance to cancel Mr. or Mrs. Lesic's bonds, the Government certainly did not give either of them sufficient notification, justification, or a meaningful opportunity to be heard. The purported notice to Mrs. Lesic merely stated that "there are changed circumstances in your case." ECF No. 6-7 ("Notice") at 1. This is conclusory and does not comport with due process. *See Tran v. Noem*, No. 25-cv-2391-BTM-BLM, 2025 WL 3005347, at *3 (S.D. Cal. Oct. 27, 2025) ("[N]otice must be in writing and contain all the reasons for the revocation of the alien's release."). As for Mr. Lesic, the Government doesn't even allege that it supplied him a similar written notice. Nor does it say that it promptly interviewed Petitioners after their arrests. *See* Opp. at 15 (conceding that "they may not have yet received any interview to respond to the reasons for the revocation of their release"). These shortcomings, too, necessitate issuing a writ.

## III.  CONCLUSION

Accordingly, the Court **GRANTS** the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 and **DENIES AS MOOT** the Motion for Temporary Restraining Order. The Government shall immediately release Petitioners from custody on the October 6, 2025 cancellation of bonds and arrests. Petitioners shall comply with all conditions that were in effect before their October 6, 2025 detention. By **November 13, 2025**, at **3:00 p.m.**, the parties must also file a joint status report to confirm that Petitioners have been released, after which the Clerk will close this case.

**IT IS SO ORDERED.**

Dated: November 12, 2025

_____
Honorable Linda Lopez
United States District Judge